UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| JASON H. WILLIAMS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Civil No. 6:10-CV-275-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ERIC D. WILSON, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Petitioner Jason H. Williams is in the custody of the Federal Bureau of Prisons ("BOP") and currently confined in the United States Penitentiary ("USP-McCreary"), in Pine Knot, Kentucky. Williams has submitted a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the amount of jail time credit the BOP has given him on his federal sentence. [R. 2.] Respondent having filed a response to petitioner's § 2241 petition [R. 7], this matter is ripe for review.

In this habeas petition, Williams asserts that he is entitled to prior custody credits toward his federal sentence for a portion of the time he spent in state custody, but that the BOP has declined to give him any credit on his federal sentence prior to the date on which his federal sentence was imposed. Williams also claims that the BOP failed to properly consider his *nunc pro tunc* designation request under 18 U.S.C. § 3621(b). [R. 2.] Specifically, Williams demands that the BOP provide him with *nunc pro tunc* credit for time he served in the Tennessee Department of Corrections ("TDOC"), from October 27, 2005, to March 2, 2007. Alternatively, he requests the Court to order the BOP to follow the appropriate procedure articulated in

*Robinson v. Owens*, No. 4:07-3118-HMH-TER, 2008 WL 783782 (D.S.C. March 20, 2008), and Program Statement 5160.05, and to apply the enumerated factors in Program Statement 3621.05. For the reasons stated below, the Court concludes that Williams is not entitled to any additional jail time credit and will dismiss his § 2241 petition.

**I.**

In order to determine whether the BOP's calculation of Williams' jail time credit is correct, a brief, chronological summary of his state and federal criminal history, including court appearances, convictions and the respective sentences he has received and served is necessary. That chronology follows:

> **August 23, 2005** - Williams was arrested by Davidson County, Tennessee, authorities on state offenses of Possession of a Controlled Substance and Unlawful Use of Drug Paraphernalia. Williams was detained in state custody at this time.
>
> **September 15, 2005** - the United States filed a felony Information against Williams for a violation of 18 U.S.C. § 1951, interference with commerce by threats or violence (Robbery) and an arrest warrant was issued by the United States District Court for the Middle District of Tennessee, identified as Criminal Docket 05-cr-159. Thereafter, the Middle District of Tennessee issued a Writ of Habeas Corpus Ad Prosequendum in Williams' federal criminal case, No. 05-cr-159.
>
> **October 11, 2005 -** the United States Marshal's Service ("USMS") executed the federal process on Williams at the Tennessee Department of Corrections ("TDOC"), Williams was arrested, temporarily taken into federal custody, and appeared in federal court for an Initial Appearance and Arraignment proceeding in his federal case in the Middle District of Tennessee, in Case No 05-cr-159. At the conclusion of this hearing, Williams was returned to state custody. On October 19, 2005, another writ of habeas corpus ad prosequendum was issued by the U.S. District Court to obtain Williams' appearance in further federal court proceedings, including his guilty plea that was entered on December 9, 2005.
>
> **October 28, 2005 -** the state of Tennessee revoked Williams' probation in his prior, underlying state conviction, Tennessee state case #2004-B-1617, and he was sentenced to nine (9) years imprisonment.

2

**November 21, 2005 -** the Tennessee state prosecutor entered a nolle prosequi in respect to the state charges for Possession of a Controlled Substance and Unlawful Use of Drug Paraphernalia for which Williams was arrested and detained on August 23, 2005.

**March 30, 2006 -** the Middle District of Tennessee ordered that Williams be returned to the custody of the TDOC, as he awaited final sentencing on his federal conviction.

**February 28, 2007** - Williams was temporarily removed from state custody and released to the USMS, pursuant to a Writ of Habeas Corpus Ad Prosequendum for his sentencing hearing in the federal case in the Middle District of Tennessee (05-cr-159).

**March 2, 2007 -** Williams was sentenced in the federal case in the Middle District of Tennessee (05-cr-159) to 96 months imprisonment and two years of supervised release. The federal court ordered that this sentence be served concurrently with the state sentence imposed by the State of Tennessee.

**March 15, 2007 -** Williams was returned to the TDOC, with a federal detainer.

**March 20, 2007 -** the Middle District of Tennessee in Williams' federal case (05-cr-159) ordered that Williams' federal sentence would commence on the date of its imposition.

**May 19, 2008 -** Williams was released by the TDOC to the USMS, in compliance with the federal detainer, for service of his federal sentence in 05-cr-159.

## II.

### A.

In *Ponzi v. Fessenden*, 258 U.S. 254, 260-262 (1922), the Supreme Court first recognized the doctrine of primary jurisdiction, to provide an orderly method of prosecuting an individual who has violated the law of more than one sovereign. Pursuant to this doctrine, the sovereign that first arrests an individual has primary control or custody over him; its claim over him has priority over all other sovereigns that subsequently arrest him; it is entitled to have him serve a sentence that it imposes, before he serves any sentence imposed by another sovereign; and it

3

retains this priority, unless and until it has relinquished its jurisdiction to some other sovereign. *Id.*; *see also United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002); *In re Liberatore*, 574 F.2d 78, 88-89 (2nd Cir. 1978); *Rambo v. Hogsten*, No. 10-116-ART, 2010 WL 4791970 at *4 (E.D. Ky. 2010) ("When a defendant violates the laws of two different sovereigns, the rule is that the sovereign which first arrests him acquires the right to prior and exclusive jurisdiction over him.") (internal quotations omitted).

Additionally, this primary jurisdiction continues until the first sovereign has relinquished it in some way. Typically, a sovereign may only relinquish primary jurisdiction in four ways: release on bail, dismissal of the charges, release on parole, or expiration of the sentence. *Cole*, 416 F.3d at 897. Moreover, critical to the circumstances presented here, federal courts have uniformly held that the sovereign that first arrests a prisoner maintains primary custody, even when the prisoner is taken to federal court under a writ of habeas corpus ad prosequendum; in such instances, the prisoner is merely "on loan" to the federal sovereign. *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992); *see also Huffman v. Perez*, 230 F.3d 1358 (6th Cir. 2000) (unpublished table decision); *United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998); *Easley v. Steep*, 5 F. App'x 541 (7th Cir. 2001); *Roche v. Sizer*, 675 F.2d 507, 509 (2nd Cir. 1982); *Silva-Rodriguez v. O'Brien*, No. 7:09-cv-00497, 2010 WL 2326539 at *3 (W.D. Va. 2010) ("Lending an inmate via a writ of habeas corpus ad prosequendum to another jurisdiction does not relinquish a sovereign's primary jurisdiction."); *Pease v. Cauley*, No. 08-CV-144-HRW, 2009 WL 1505734 at *3 (E.D. Ky. 2009) ("The well-established rationale is that the second sovereign has only 'borrowed' him and the State retains primary jurisdiction over him.").

4

Moreover, this principle is equally true even when the "loan" to the second sovereign is a lengthy one. *See, e.g., Huffman*, 230 F.3d 1358 at 2; *Rios v. Wiley*, 201 F.3d 257, 271-74 (3rd Cir. 2000); *Banks v. Wilson*, No. 6:09-CV-350-GFVT, 2009 WL 5125282 at 3 (E.D. Ky.2009).

In the present action, Williams was first arrested and detained by the State of Tennessee, when he was arrested on August 23, 2005, for state offenses. The federal authorities "borrowed" Williams several times, each via a writ of habeas corpus ad prosequendum. And Williams was ultimately returned to State custody on March 15, 2007, with a federal detainer, after his federal sentence was imposed on March 2, 2007. Under these circumstances, the State of Tennessee had primary jurisdiction over Williams, and his state sentence – imposed on the probation violation – had priority over his federal sentence. *See, e.g., Ponzi*, 258 U.S. at 260-262; *Cole*, 416 F.3d at 897; *Jones v. Winn*, 13 F. App'x 419, 420 (7th Cir. 2001).

Simply put, the State of Tennessee retained primary jurisdiction over Williams from the date of his arrest (August 23, 2005) until the date he was released on parole (May 19, 2008). Moreover, the TDOC gave him credit towards his state sentence for this entire period of time. [R. 2-1 at 19.] As discussed below, because Williams was in Tennessee custody and because he received credit towards his state sentence for the entire period of time from October 27, 2005, to March 2, 2007 – the period of time claimed in the petition – Williams has received all the credit to which he was entitled and his claim in this § 2241 habeas petition is without merit.

**B.**

Calculation of a federal prisoner's sentence, including its commencement date and any credit for custody before sentencing, is governed by 18 U.S.C. § 3585, which provides as follows:

5

>(a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
>(b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>>(1) as a result of the offense for which the sentence was imposed; or
>>(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>*that has not been credited against another sentence*.

*Id.* (emphasis added). In his petition, Williams claims that he is entitled to additional custody credit for the period from October 27, 2005, to March 2, 2007. [R. 2.] However, a simple, straightforward reading of this statute defeats his claim.

Discussing 18 U.S.C. § 3585(b), the Supreme Court has stated: "Congress has made clear that a defendant could not receive double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). Thus, in applying this provision, federal courts in the Sixth Circuit have consistently confirmed that it prohibits awarding any credit toward a federal sentence for time already credited toward a state sentence while the prisoner was in primary, state custody. *See, e.g., Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) ("Because [he] received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence."); *Nguyen v. Department of Justice*, 173 F.3d 429 (6th Cir. 1999) (unpublished tabledecision) ("If [he] was to be credited for this time against his federal sentence, he would be receiving improper double credit."); *Garrett v. Snyder*, 41 F. App'x 756 (6th Cir. 2002) (same); *Huffman*, 230 F.3d 1358 at 2 (same); *Pitman v. United*

6

*States Bureau of Prisons*, Civil No. 09-383-GFVT, 2011 WL 1226869 at \*4 (E.D. Ky. 2011); *Baker v. Stine*, No. 6:07-40-DCR, 2007 WL 1875659 at \*5 (E.D. Ky. 2007); *Banks*, *supra,* 2009 WL 5125282 at \*4; Pease, *supra,* 2009 WL 1505734 at \*5. Consequently, it is clear that § 3585(b) prohibits awarding dual credit toward a federal sentence.

Here, as discussed above, Williams was in the primary custody of the State of Tennessee during the period in question, and he received credit toward his state sentence for all this time. Therefore, Williams is not entitled to the federal credit he seeks, as that would result in double-crediting, in violation of 18 U.S.C. § 3585(b). *Id.*; [Declaration of Jeff Johnson, ¶¶ II(2)(6), Attachment I, Program Statement 5880.28, c. Prior Custody Credit]

## C.

Williams' federal sentence did not commence until the date he was sentenced, and the *nunc pro tunc* designation he requested does not provide him with any additional pre-sentence credit.

Similarly, subsection (a) of the statute defeats his claim. Pursuant to that provision, a federal sentence commences on the date the defendant is received in federal custody to begin service of the federal sentence. 18 U.S.C. § 3585(a). Logically, a federal sentence cannot begin to run any earlier than the date on which it was imposed. *See, e.g., United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007); *Rashid v. Quintana*, 372 F. App'x 260, 262 (3rd Cir. 2010); *Demartino v. Thompson*, 116 F.3d 1489 (10th Cir. 1997) (unpublished table decision); *Harris v. Bureau of Prisons*, No. 10-447, 2011 WL 1237932 at \*4 (W.D. Pa. 2011) (collecting cases); *Pitman*, *supra,* 2011 WL 1226869 at \*4; *Fletcher v. United States*, *supra,* 2010 WL

3938373 at *6; *Robinson v. Owens*, No. 4:07-3118-HMH; 2008 WL 783782 at *5 (D. S.C. 2008); *Chambers v. Holland*, 920 F. Supp. 618, 622-623 (M.D. Pa. 1996).

In this case, Williams was sentenced by the Middle District of Tennessee on March 2, 2007, and that sentence was ordered to run concurrently with his previously imposed state sentence. On March 20, 2007, the U.S. District Court amended the Judgment to clarify that it meant for the federal sentence to commence upon imposition, March 2, 2007. In order to comply with the court's directive that Williams' federal sentence run concurrently with his Tennessee state sentence, the BOP designated the Tennessee facility where Williams was serving his state sentence for the service of Williams' federal sentence, while he was still under the primary custody of Tennessee. [Declaration of Jeff Johnson, ¶ II(3), Attachment G, Sentence Monitoring Computation Data.] This designation by the BOP allowed Williams' federal sentence to commence while he was still in state custody, as contemplated by 18 U.S.C. § 3621(b). *See Barden v. Keohane*, 921 F.2d 476, 483 (3rd Cir. 1991).

To reiterate, the earliest date a federal sentence can "commence" is the date on which it was imposed. Moreover, "[t]o give due effect to this statutory provision, even when a sentencing court orders a federal sentence to run concurrently with a pre-existing state sentence, the federal sentence is deemed to run concurrently only with the *undischarged* portion of the prior state conviction." *Blecher v. Cauley*, 0:08-132-HRW; 2009 WL 464932 at *2 (E.D. Ky. 2009) (citing *United States v. Tackles*, 62 F. App'x 900, 902 (9th Cir. 2003); *Bianco v. Minor*, 303CV0913, 2003 WL 21715347 (M.D. Pa. 2003)); *see also Fletcher*, 2010 WL 3938373 at *6. Indeed, the Sixth Circuit has held that any attempt to "adjust" the commencement date of a federal sentence violates § 3585(a). *Id.* (citing *Doan v. Lamanna*, 27 F. App'x 297, 299 (6th Cir.

8

2001) and *Wells*, 473 F.3d at 645); *see also Cotton v. Dewalt*, 5:08-CV-443-JBC, 2009 WL 720894 at *2 (E.D. Ky. 2009) ("the Petitioner could not begin serving his federal sentence until the date on which it was imposed, at the earliest"). Thus, while the BOP may make a *nunc pro tunc* designation of a state facility – which would allow the federal sentence to begin running concurrently with a state sentence that is being served – the federal sentence cannot start any earlier than the date on which it was imposed.

Again, Williams was sentenced by the federal court on March 2, 2007, and his federal sentence was ordered to run concurrently with his prior state sentence. At that time, Williams was under the primary custody of Tennessee; hence, his federal sentence could not start before March 2, 2007. *See* 18 U.S.C. § 3585(a). Moreover, because he was in Tennessee custody and because he received credit toward his Tennessee sentence for the entire period of time before March 2, 2007, he is not entitled to any additional credit for that same time period. *See* 18 U.S.C. § 3585(b). In essence, Williams is asking this Court to somehow "adjust" the commencement of his federal sentence. The adjustment Williams requests is inconsistent with federal sentencing statutes and is improper. *See Blecher*, *supra,* 2009 WL 464932 at *2; *Fletcher*, *supra,* 2010 WL 3938373 at *6.

Contrary to Williams' assertion that his request for a *nunc pro tunc* designation was not properly considered, the BOP did award him *nunc pro tunc* designation; it only limited that designation to the extent permitted by law. Consistent with the statute, the designation could only relate back to the date the federal sentence was imposed, and no farther. Hence, the BOP complied with the sentencing court's request and did grant him *nunc pro tunc* status, thus commencing his federal sentence on the date it was imposed, even though he was still in primary

state custody. Had the BOP not designated Williams' state institution as the place of service of his federal sentence, his federal sentence would not have commenced until May 19, 2008, the date he was paroled on the state sentence. *See* 18 U.S.C. § 3585(a).

In sum, Williams' claim for credit on his federal sentence relating all the way back to October 27, 2005, is wholly unsustainable. Williams received a *nunc pro tunc* review and received the benefit of the earliest possible commencement date for his federal sentence – the date which it was imposed. Under the circumstances, 18 U.S.C. § 3585 precludes him from receiving any additional credit for the time period from October 27, 2005, to March 2, 2007.

**D.**

Williams has already received all the appropriate prior custody credit pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). In April 2007, Williams was awarded *Willis* credits from the date of the offense (August 23, 2005) to the date that his state sentence began to run (October 28, 2005), a total of sixty-six (66) days. [Declaration of Jeff Johnson, ¶ II(5), Attachment J, Willis/Kayfez Calculation Worksheet.] Accordingly, Williams is not entitled to any further credit against his federal sentence. *See Fletcher*, *supra,* 2010 WL 3938373 at \*7.

To repeat, Williams was in the primary jurisdiction of the State of Tennessee on the date his federal sentence was imposed, and he received credit toward his state sentence for all the time prior to his federal sentence being imposed. Based on the federal sentencing court's request, the BOP did designate his TDOC facility for service of his federal sentence; however, pursuant to federal statute, that designation could only relate back to the date that his federal sentence was imposed – i.e., March 2, 2007. Therefore, Williams has received all the credit to

10

which he was entitled under *Willis*. To allow Williams credit for the period of time he requests would be to allow improper double credit for his custody time. The federal sentence has been properly computed by the BOP.

Williams is not entitled to double credit for both his state and federal sentences prior to the date of the imposition of the May 2, 2007 concurrent federal sentence. Williams' federal sentence was properly computed. He has been awarded all of the presentence custody credits to which he is entitled, including *Willis* credits.

## III.

For the foregoing reasons, Williams' habeas petition filed pursuant to 28 U.S.C. § 2241 is without merit.

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) The petition filed by Jason Williams for a for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] is **DENIED**;

(2) This action will be **DISMISSED** and **STRICKEN** from the active docket; and,

(3) Judgment shall be entered contemporaneously with this Order in favor of Eric D. Wilson, Warden, the named Respondent.

This the 28th day of June, 2011.



Signed By:
Gregory F. Van Tatenhove
United States District Judge